**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4557**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NAYEEM CHOUDHURY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, Senior District Judge.  (1:23-cr-00315-LCB-1)

Submitted:  May 22, 2025                          Decided:  May 27, 2025

Before KING, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  JoAnna Gibson McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nayeem Choudhury pled guilty, pursuant to a written plea agreement, to wire fraud in violation of 18 U.S.C. § 1343, and use of manipulative and deceptive devices in violation of 15 U.S.C. §§ 78j(b) and 78ff. The district court sentenced him to 63 months' imprisonment and 3 years of supervised release. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but suggesting that the sentence may be unreasonable. Choudhury did not file a pro se supplemental brief after being notified of his right to do so. The Government declined to file a responsive brief. We affirm.

Prior to accepting a guilty plea, the district court, through a colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces upon conviction, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3). In reviewing the adequacy of the court's compliance with Rule 11, we "accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." *United States v. Moussaoui*, 591 F.3d 263, 295 (4th Cir. 2010) (internal quotation marks omitted).

Because Choudhury did not move in the district court to withdraw his guilty plea, we review the validity of his guilty plea for plain error. *United States v. Williams*, 811 F.3d

2

621, 622 (4th Cir. 2016).  To establish plain error, Choudhury must establish that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).  In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Rule 11 omissions.  *United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014).  We have reviewed the Rule 11 colloquy and, discerning no plain error, we conclude that Choudhury's guilty plea is valid.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the [Sentencing] Guidelines range.'"  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).  In performing that review, we must first determine whether the district court "committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence."  *Id.*  If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence.  *Id.*  Our substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  *Id.* (internal quotation marks omitted).  "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively]

3

reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the § 3553(a) factors." *Id.*

We are satisfied that Choudhury's sentence of imprisonment is procedurally reasonable. The district court correctly calculated the Guidelines range, adequately considered the § 3553(a) factors and provided a meaningful explanation for the sentence that it chose. *See Gall*, 552 U.S. at 49-51. We also conclude that nothing in the record rebuts the presumption of substantive reasonableness afforded to Choudhury's 63-month sentence. The court acknowledged Choudhury's request for probation, considered the nature of the offense and the need to protect the public from Choudhury's criminal behavior, and considered the need to promote the rule of law, and deter recidivism.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We thus affirm the district court's judgment. This court requires that counsel inform Choudhury, in writing, of the right to petition the Supreme Court of the United States for further review. If Choudhury requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Choudhury.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*